IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| RONALD G. BECKER | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| Vs | § | CIVIL ACTION NO. |
| | § | |
| CONTINENTAL MOTORS, INC. | § | |
| | § | |
| Defendant | § | 4 - 1 3 C V - 5 2 0 - Y |

---

## NOTICE OF REMOVAL OF CONTINENTAL MOTORS, INC.

---

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, Continental Motors, Inc. ("Continental") files its Notice of Removal and hereby removes the action styled *Ronald G. Becker v. Continental Motors, Inc.* Cause No. CV13-0803 from the 43rd District Court of Parker County, Texas to the United States District Court for the Northern District of Texas, Fort Worth Division.

Pursuant to Local Rule 81.1 of the Local Rules of Practice for the Northern District of Texas, Defendant attaches hereto a copy of each of the following documents tabbed as follows:

TAB A:     An index of all documents that clearly identifies each document and indicates the date the document was filed in State Court;

TAB B:     A copy of the Docket Sheet in the State Court action; and

TAB C:     Each document filed in the State Court action, except discovery material, individually tabbed 1, 2, 3, etc. and arranged in chronological order according to the State Court filing date.

---

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

On May 30th, 2013, Plaintiff Ronald G. Becker filed his Original Petition in Cause No. CV13-0803 in the 43rd Judicial District Court of Parker County, Texas.   This case involves claims for breach of contract, breach of warranty and alleged violations of the DTPA in connection with an allegedly defective aircraft engine.  In that Original Petition, Plaintiff Ronald G. Becker named Continental as the only Defendant.  Continental's statutory agent for receipt of service of process, the Texas Secretary of State, was served with citation and petition on May 31st, 2013. Continental received the citation and petition from the Texas Secretary of State on June 7th, 2013. On June 24th, 2013, Continental filed its General Denial, Affirmative Defenses and Jury Demand.

## II.
## JURISDICTION AND GROUNDS FOR REMOVAL

### Diversity of Citizenship 28 U.S.C. § 1332

Plaintiff, Ronald G. Becker, (herein after "Plaintiff") is a citizen and domiciliary of Texas. Continental is a Delaware Corporation with its principal place of business in Mobile, Alabama and is therefore, a citizen and domiciliary of the States of Delaware and Alabama. Therefore, complete diversity of citizenship exists between the Plaintiff on the one hand, and the Defendant on the other hand.  Complete diversity of citizenship existed both at the time the Plaintiff commenced his action against Continental in State Court and at the time of the removal of this action.

In his Original Petition, Plaintiff alleges that "Becker seeks monetary relief between $100,000.00 and $500,000.00". Plaintiff also seeks recovery of his attorney's fees in connection with the matter. Therefore, it is clear from the face of the complaint that the amount in

controversy in the present case allegedly exceeds the sum of $75,000.00 exclusive of interest and costs. Moreover, this action does not fall within any applicable rule, law, or statute that limits the Defendant's right of removal. Continental is the only defendant and no other consent to removal is necessary. Because there is complete diversity in this case, and because the amount in controversy exceeds $75,000.00, this case is properly removable to this Court.

### III.
### VENUE

Pursuant to 28 U.S.C. § 1441(a), this Court has venue because this district and division embraces the place where the state action was pending.

### IV.
### TIMELINESS OF REMOVAL

Plaintiff's Original Petition was filed on May 30th, 2013, and citation with Plaintiff's Original Petition attached was served on the Texas Secretary of State on May 31st, 2013. Continental received the citation and Original Petition from the Texas Secretary of State on June 7th, 2013. The deadline for removal is 30 days from the date that the Defendant actually receives service. See *Partners In Funding Inc. v. Quest Capital Resources, LLC* 2007 WL 471128, (S.D. Tex. 2007) stating that "mere delivery of process to the statutory agent is insufficient to trigger the removal time period; rather, the clock begins after the defendant receives actual notice of the service from the statutory agent". Thus the deadline to remove this case is July 8th (as July 7th falls on a Sunday). Therefore, pursuant to 28 USC §1446 (b), this Notice of Removal is timely filed. *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 US 344, 119 S.Ct. 1332, 143 L. Ed. 2d, 448 (1999).

## V.
## SERVICE AND FILING IN STATE COURT

On June 27th, 2013, Defendant will (i) serve the Plaintiff with written notice of the filing

of this Notice of Removal as required by 28 U.S.C. § 1446(d) by serving a copy of it on Plaintiff;

and (ii) file a copy of this Notice of Removal with the clerk of the 43rd Judicial District Court of

Parker County, Texas, where the action is currently pending.

## VI.
## JURY DEMAND

Defendant demanded a jury in the State Court action and does so in the current action.

## VII.
## CONCLUSION

In conformance with federal law, Defendant removes this action from the 43rd Judicial

District Court of Parker County, Texas to this Court.

Respectfully submitted,

Geoffrey W. Anderson
State Bar No. 00786980
ganderson@asrtexas.com
Jon W. Harrison
State Bar No. 24053256
jharrison@asrtexas.com
Anderson, Smyer, Riddle & Kuehler L.L.P.
1604 8th Avenue
Fort Worth, Texas 76107
Tel: (817) 334-0059
Fax: (817) 334-0425

ATTORNEY FOR DEFENDANT
CONTINENTAL MOTORS, INC.

## CERTIFICATE OF SERVICE

This is to certify that on the 27th day of June, 2013, a true and correct copy of the above was served upon all counsel of record as indicated below:

| | |
|---|---|
| Christopher G. Lyster | Certified Mail, Return Receipt Requested   X |
| Shannon, Gracey, | Regular, First-Class United States Mail   ☐ |
| Ratliff & Miller, L.L.P. | Via Overnight Delivery   ☐ |
| 777 Main Street, Suite 3800 | Via Hand Delivery   ☐ |
| Fort Worth, Texas 761102 | Via Electronic Notice   ☐ |
| Fax: 817-336-3735 | Via Facsimile Transmission   ☐ |

Jon W. Harrison



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RONALD G. BECKER | § | |
| | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| CONTINENTAL MOTORS, INC. | § | |
| | § | _____ |
| | § | |
| Defendant | § | |

## INDEX OF DOCUMENTS FILED

| NO. | DESCRIPTION | DATE |
|---|---|---|
| 1. | Plaintiff's Original Petition | 05/30/13 |
| 2. | Correspondence, dated 05/30/13, from Christopher Lyster (Shannon, Gracey, Ratliff & Miller, LLP) to the Parker County District Clerk enclosing *Plaintiff's Original Petition*, requesting Citations to be prepared and enclosing payment for related fees. | 05/30/13 |
| 3. | *Citation*: Continental Motors, Inc. (Service of Process/Secretary of State) | 05/30/13 |
| 4. | Correspondence, dated 06/03/13, from Christopher Lyster (Shannon, Gracey, Ratliff & Miller, LLP) to the Parker County District Clerk designating vacation days (July 11 – 19, 2013) | 06/03/13 |
| 5. | *Defendant's Original Answer and Request for Disclosure* | 06/24/13 |
| 6. | Correspondence, dated 06/21/13, from Gabby Ramirez (Anderson, Riddle & Kuehler, LLP) to the Parker County District Clerk enclosing *Defendant's Original Answer and Request for Disclosure* and payment for the Jury Demand. | 06/24/13 |
| 7. | Defendant's Notice of Removal | 06/27/13 |



# CIVIL DOCKET CV13-0803

**JURY FEE PAID**

| STYLE | ATTORNEYS | CASE TYPE | DATE OF FILING |
|---|---|---|---|
| RONALD G. BECKER<br><br>vs.<br><br>CONTINENTAL MOTORS, INC. | Christopher G Lyster<br>817.336.9333 | CONTRACT SUIT-CONSUMER | 05/30/2013<br><br>**JURY FEE DATE:**<br>6-25-13<br><br>**PAID BY:** Def's Atty |

| DATE | ENTRY |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |





CAUSE NO. CV13-0803

| | | |
|---|---|---|
| RONALD G. BECKER, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | OF PARKER COUNTY, TEXAS |
| CONTINENTAL MOTORS, INC., | § | |
| Defendant. | § | 43rd JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

RONALD G. BECKER ("Becker"), Plaintiff herein, hereby files this petition against Continental Motors, Inc. ("Continental"), Defendant herein, and for cause of action would show the following:

### I.

### DISCOVERY CONTROL PLAN AND RELIEF SOUGHT

1.01    Discovery in this lawsuit is intended to be conducted under Level 2 pursuant to TEX. R. CIV. P. 190.3.

1.02    Becker seeks monetary relief between $100,000.00 and $500,000.00 as well as non-monetary, declaratory relief.

### II.

### PARTIES

2.01    Plaintiff, Ronald G. Becker is a Texan who resides in Cresson, Parker, County, Texas.

2.02    Defendant, Continental Motors, Inc. is a corporation formed and registered in the State of Delaware and whose principal place of business is located in Mobile, Alabama. Continental conducts and/or transacts business in the State of Texas by contracting with Texas

residents, such as Becker, and/or commits torts in whole or in part in Texas.  As such, since Continental conducts and/or engages in business in Texas but has not designated or maintained a registered agent for service of process in this state, pursuant to TEX. CIV. PRAC. & REM. CODE, Sections 17.043 – 17.045, the Texas Secretary of State is an agent for service of process on Continental.  Accordingly, the Texas Secretary of State may be served with duplicate copies of process on behalf of Continental at Service of Process, Secretary of State, P. O. Box 12079, Austin, Texas 78711-2070 or by overnight mail to Service of Process, Secretary of State, James E. Rudder Building, 1019 Brazos, Room 220, Austin, Texas 78701.  Upon receipt of same, such process should be forwarded by the Texas Secretary of State to Continental's home office at 2039 Broad Street, Mobile, Alabama 36615–1293, to the attention of its President, Rhett Ross or any other officer.

## III.

## VENUE AND JURISDICTION

3.01   Venue is proper in Parker County, Texas since that is where all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred.  Additionally, since at least one of the claims asserted by Becker herein is for breach of warranty by a manufacturer of consumer goods, venue is proper in Parker County since such is the county in which Becker resided at the time that the cause of action accrued.

## IV.

## FACTS GIVING RISE TO CLAIMS AND CAUSES OF ACTION

4.01   Becker is an experienced pilot who bought and currently owns a Mooney Ovation aircraft bearing Registration No. N321EL.  This particular aircraft was designed and approved for a Continental IO550 engine when it was purchased by its original owner from whom Becker subsequently purchased the aircraft in 2004.  The original Continental engine in Becker's

Ovation came with a recommendation from Continental for "time between overhaul interval" of 2,000 hours or 12 years.

4.02    In late 2010, the original Continental engine in Becker's Ovation was approaching 2,000 hours of use.  As a result, Becker researched his options in terms of whether to rebuild / overhaul his existing engine or to buy a rebuilt engine or to purchase a brand new engine from Continental and have same installed in his aircraft.  After concluding that research and placing great value in the engine / piston warranty touted by Continental that would accompany one of its brand new engines, Becker made the decision to order and purchase a new engine from Continental to replace the original engine that came with his aircraft.

4.03    The order for Becker's new engine was placed in early 2011.  In March, 2011, Continental assembled an IO550N8B engine bearing Serial No. 1004170 for Becker that he purchased.  After ordering and purchasing this engine, Becker had his original engine removed from his aircraft and the new engine installed in that aircraft by Dugosh Aircraft Service Co. ("Dugosh").  Becker then took delivery of his aircraft from Dugosh following installation of the new Continental engine in April, 2011.  After taking delivery of his Ovation with the new Continental engine from Dugosh, Becker began flying it again, which for him, on average, amounted to between 200 and 300 hours of operation time each year.

4.04    At the time that the new engine Becker purchased from Continental was delivered, it came with warranties on both the cylinders in that engine as well as on the entirety of the engine.  Pursuant to the warranty issued by Continental to Becker, the cylinders were and remain warranted for a period of 24 months or 1,000 hours of operation, whichever occurred first.  Additionally, the balance of the engine was and remains warranted by Continental for a

period of 24 months or until the expiration of Continental's recommended Time Between Overhaul, whichever occurred first.

4.05    In 2011, at the time that Becker had the original Continental engine removed from his Ovation, it was consuming oil at a rate of approximately one quart per 6 hours of operation, which was still acceptable for an engine with that many hours.  When Becker purchased his Ovation from the original owner in 2004, its oil consumption rate was approximately one quart per 12 hours of operation and gradually increased over time to the above consumption rate by early 2011.

4.06    Immediately after the new Continental engine was installed in Becker's Ovation in 2011, its oil consumption rate was already running at one quart per 6 hours of operation.  In comparison to the original engine, that seemed high.  Becker was concerned at that time, but believed that the oil consumption rate might decline once the engine had become broken in. Alarmingly, that did not happen and, in fact, the exact opposite happened as the new engine's oil consumption rate dramatically increased to the point where it was averaging a quart for every 2–4 hours of operation by August, 2012, at a time when only 336.5 hours had been logged on the engine. This large increase in the oil consumption rate occurred despite the fact that Dugosh had properly installed and inspected the new engine in accordance with Continental's specifications, instructions and service bulletins.  Likewise, Becker had operated and maintained the new engine in accordance with Continental's specifications, instructions and service bulletins.  That high an oil consumption rate meant that the engine was using or burning excessive amounts of oil.  That in turn could cause an engine failure -  not such a good thing for pilot, passengers, people on the ground or the aircraft in general as it would involuntarily become a less than perfect glider in that event.

4.07   As a result, in September, 2012, after less than 17 months of operation with the new engine, Becker returned his aircraft to Dugosh and reported that the oil consumption on the new Continental engine was extremely high in comparison to the original Continental engine that was replaced.   Becker also reported to Dugosh that, despite his compliance with the new engine's maintenance schedule and operational requirements, its oil consumption rate had continued to increase to the point where it was then using a quart of oil for every 2-4 hours of operation.

4.08   When contrasted with the original Continental IO550 engine that was replaced by the new engine, the original one had only used a quart of oil per approximately 12 hours of operation in 2004 when Becker purchased his Ovation that had approximately 600 hours on the engine at that time.

4.09   After Dugosh received Becker's aircraft in early September, 2012, and was told of the excessive oil consumption problem, Dugosh contacted Continental's warranty department who instructed Dugosh to remove the cylinders from the new engine and fill out a warranty claim form for Becker.   Dugosh did just as instructed and delivered the warranty claim form to Continental on or about September 6, 2012.

4.10   Upon receipt of the warranty claim form, Continental instructed Dugosh to send the cylinders from Becker's new engine to G & N Aircraft in Griffith, Indiana to be inspected and/or reworked.

4.11   By late October, 2012, Dugosh had received the cylinders back from G & N Aircraft and had reinstalled those cylinders in the engine, per the Continental's direction, instruction and specifications.   However, despite the purported inspection and reworking of the

cylinders by G & N Aircraft, as directed by Continental, the new engine's excessive oil consumption problem was still not remedied.

4.12    Accordingly, on October 30, 2012, Dugosh informed Continental's warranty department that the engine still had blue smoke coming from its exhaust during the test-run that was performed in accordance with Continental's instruction. Moreover, Dugosh reported that the engine's sparkplugs, following the test-run, had been removed and found to be fouled with oil. Obviously, the excessive oil consumption problem in the defective new engine had not been resolved by Continental's inspection and/or rework of the cylinders.

4.13    Dugosh provided additional information to Continental who then instructed Dugosh to once again remove the cylinders and to send them back to G & N Aircraft in Indiana for further inspection and/or reworking. On or about November 6, 2012, Dugosh returned those cylinders to G & N Aircraft for the second time, per the instructions and under the direction of Continental.

4.14    In late November, 2012, G & N Aircraft reported that the cylinders returned to them for the second time had since been inspected and were found to meet "new limits specifications." Shortly thereafter, the cylinders were again returned to Dugosh and reinstalled once more back into the new engine, per Continental's instructions, direction and specifications.

4.15    Following the second reinstallation of the supposedly acceptable cylinders into the new engine by Dugosh at Continental's direction, Dugosh test-ran the engine, as instructed by Continental. Once again, it was obvious that the new engine was still consuming an unacceptable and unsafe amount of oil. In order for the engine to be returned to service and use by Becker in his Ovation, a certified Airframe & Powerplant ("A & P") Mechanic, holding an inspection authorization ("IA"), must approve such return to service. Dugosh has several such

certified A & P mechanics holding IAs and not a one of them would approve the new engine to be returned to service in Becker's Ovation.

4.16    The new but defective engine's excessive oil consumption rate renders it and also the aircraft containing same as not being airworthy and Dugosh (through its certified A & P mechanics holding IAs) correctly refused to approve the new engine for return to service. Continental was not satisfied with Dugosh's refusal to approve the engine and aircraft for return to service. Instead of actually doing something to solve the problem, Continental then actually tried to convince Dugosh to have one of their mechanics or pilots fly Becker's Ovation with the defective engine at altitude in order to "break the cylinders in" and/or "seat the rings on the pistons."

4.17    Dugosh rightly refused to do as Continental wanted as that would have violated their duties as A & P mechanics holding IAs and very well may have resulted in death or significant injury for anybody that was foolish enough to fly Becker's plane containing an engine that Dugosh refused to certify as being airworthy due to the excessive oil consumption. Continental's attempt to convince Dugosh to fly an aircraft not approved to return to service also showed absolute disregard for anybody in the aircraft or on the ground that might have been killed or seriously injured when that plane's engine failed at altitude it made an unplanned return to terra firma.

4.18    Thereafter, Becker began having direct communications with Continental through its warranty department, specifically Roger Gradle ("Gradle"), who told Becker on more than one occasion that he personally would travel to Dugosh's facility in Texas to inspect the defective engine himself and ascertain / solve the problem. However, neither Gradle nor any

other representative of Continental ever bothered to do what Gradle told Becker would be done, namely, travel to Dugosh to inspect and solve the problem with the defective engine.

4.19   In January, 2013, Gradle, again requested that Dugosh perform additional tests and provide the results of such test to Continental.  Such additional tests were performed by Dugosh under the direction and instruction of Continental, but reflected that the defective engine continued to have high oil consumption, blue smoke come out of the exhaust and oil fouling the sparkplugs.

4.20   On January 21, 2013, Becker called Gradle to determine if Continental had any plan to actually solve the problem with the defective engine, in accordance with the warranties on the engine and/or cylinders.  Again, Gradle told Becker that he would personally come to Dugosh's facility within the next three days to inspect the engine.  However, Gradle failed to appear at Dugosh's facility by January 24th as had been represented.  Instead, Gradle later suggested that he believed that the engine should be removed from the aircraft in its entirety and shipped to Continental's factory in Mobile, Alabama for inspection / repair.

4.21   Less than a week later, Gradle told Becker that Continental would have Dugosh remove and return the defective engine but that Becker would first need to sign a work order prepared by Continental authorizing such to be done.  Becker asked Gradle to be provided with a copy of the proposed work order for his review and consideration.

4.22   For reasons unbeknownst to Becker, the proposed work order did not arrive until approximately two weeks later.  As it was written, that work order contained language that would have impermissibly obligated Becker to pay for this warranty work to be done on Continental's defective engine and even gave Continental a right to place a lien on Becker's aircraft, if he failed to pay Continental for whatever charges were incurred.  Moreover, the work

order also attempted to eliminate virtually any liability that Continental may have as a result of attempting to repair the defective engine and may very well have had the effect of voiding and/or replacing some or all of the warranties delivered to Becker by Continental on such engine. Accordingly, Becker refused to sign that work order as it improperly attempted to shift the cost of the warranty work on Continental's defective engine to him and also attempted to release Continental from virtually any potential claims by Becker.

4.23   Including installation costs, the defective new engine Becker purchased from Continental cost him approximately $50,000.00.  As a result of this defective and unsafe engine Becker acquired from Continental, Becker has now been without use of his aircraft since September 5, 2012.

4.24   In addition to the costs incurred by Becker to acquire and install the defective engine from Continental, Becker's lack of an ability to use his aircraft since September 5, 2012, also caused him damage and expenses, including both the intrinsic value associated with owning and operating his own aircraft, expenses associated with flying commercially as opposed to being able to utilize his own aircraft, the value of his lost time and attorney's fees incurred.

## V.

## CLAIMS FOR RELIEF

## COUNT ONE – BREACH OF CONTRACT / EXPRESS WARRANTY

5.01   The preceding factual allegations are incorporated herein as if the same are fully set forth at length.

5.02   A contract existed between Becker and Continental, to-wit: the new engine warranty and cylinder warranty that accompanied the new engine Becker purchased from Continental in 2011.  Each such warranty obligated Continental to repair or replace defective engines / cylinders covered by such warranties within the stated period after activation of the

PLAINTIFF'S ORIGINAL PETITION                                                            PAGE 9

warranty period.  Such warranties also obligate Continental to pay for reasonable labor costs associated with repairing or replacing such defective engine / cylinders, including transportation costs.

5.03   Becker presented Continental with the oil consumption problem as a warranty issue, which was accepted by Continental.  The excessive oil consumption problem is a defect and is either covered by the engine warranty or the cylinder warranty or both.  In either event, the engine and/or cylinders are defective, Becker timely made a warranty claim on the engine and/or cylinders or both, which Continental concedes are defective but has nonetheless failed to repair the defective engine and/or cylinders in a manner sufficient to solve the excessive oil consumption problem that is a symptom of the defective condition.  Continental has likewise failed and refused to replace the defective engine and/or cylinders to cure the excessive oil consumption problem that is symptomatic of the defect in one or both of those items.  Moreover, Continental attempted to require Becker to pay for repairs clearly covered by one or both warranties by signing a work order to that effect that might have also had the effect of voiding, or releasing Continental from their warranty obligations.

5.04   As a result, Continental breached the new engine and/or cylinder warranties issued to Becker by failing to repair or replace the defective engine and/or cylinders and also by failing to pay for reasonable labor costs associated with repair or replacement of the defective engine and/or cylinders.  In addition, Continental breached the new engine and/or cylinder warranties by attempting to require Becker to execute a work order that would have impermissibly shifted warranted labor costs associated with repairing the defective engine and/or cylinders to Becker instead of such being paid for by Continental, pursuant to its new engine and cylinder warranties.

5.04    Continental's breach of these express warranties caused damage to Becker in an amount within the jurisdictional limits of this Court.

## COUNT TWO – VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

5.06    The preceding factual allegations are incorporated herein as if the same are fully set forth at length.

5.08    Becker is a consumer, as that term is defined under Section 17.45(4) of the Texas Business & Commerce Code since Becker sought and purchased goods for use, namely, the new engine from Continental.  Becker relied upon communications from Continental, including its express engine and cylinder warranties, when he made the decision to purchase the new engine from Continental.  As a result, Continental committed multiple deceptive trade practices as set forth above and below.

5.09    Specifically, Continental committed the following false, misleading or deceptive acts or practices against Becker related to the new aircraft engine he purchased from Continental:

(a)    Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not.  TEX. BUS. & COMM. CODE § 17.46(b)(5);

(b)    Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another.  TEX. BUS. & COMM. CODE § 17.46(b)(7);

(c)    Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law.  TEX. BUS. & COMM. CODE § 17.46(b)(12);

(d)     Knowingly making false or misleading statements of fact concerning the need for parts, replacement or repair service. TEX. BUS. & COMM. CODE § 17.46(b)(13);

(e)     Breach of express warranty. TEX. BUS. & COMM. CODE § 17.50(a)(2).

5.10     In February, 2013, Becker complied with TEX. BUS. & COMM. CODE § 17.505 by giving written notice to Continental at least 60 days before filing this suit advising Continental in reasonable detail of Becker's specific complaints, the amount of economic and other damages at such time, including attorney's fees incurred by Becker in asserting such claims against Continental. Following delivery of such notice, Continental failed to request an inspection, in a reasonable manner and at a reasonable time and place of the goods that are the subject of Becker's action and/or claim. In fact, the only thing done by Continental after receiving written notice of Becker's DTPA claims was to backtrack from having Becker sign the work order that would obligate him to pay for diagnosing and repairing the defective engine at which time Continental was directed to Becker's counsel to arrange a reasonable time for inspection of the engine, which Continental failed to do.

5.11     As a result of Continental's violations of the aforementioned provisions of the DTPA, Becker has suffered damages of which, Continental was and remains the producing cause, such damages continuing to accrue, for which Becker seeks recovery from Continental.

5.12     In the event that the finder of fact determines that Continental's violations of the DTPA were knowing in nature, as defined by the act, Becker also seeks recovery of all additional statutory damages entitled to as a result of such a finding.

## COUNT THREE – REQUEST FOR DECLARATORY RELIEF

5.13     The preceding factual allegations are incorporated herein as if the same are fully set forth at length.

5.14    As additional relief, Becker seeks the following declaratory relief since a dispute exists between Becker and Continental regarding the parties' respective rights, status and other legal relations arising out of the purchase and sale of the Continental engine in question and the engine and cylinder warranties that accompanied same.

5.15    Becker seeks the following declaratory relief:

(a)    Given the fact that Continental has tried multiple times to repair the defective engine / defective cylinders sufficiently to stop the excessive oil consumption in the new engine Becker purchased from Continental, Becker seeks a declaration that the engine and/or cylinders are defective as defined under each respective warranty and that Continental must replace the defective engine as opposed to continuing its futile efforts to diagnose and repair same to solve the defect; and

(b)    In the event that Continental replaces the defective engine in question, Becker seeks a declaration that any replacement engine so provided by Continental would be accompanied by the new engine warranty in effect as of 2011 when Becker purchased the defective engine from Continental; and

(c)    Alternatively, in the unlikely event that Continental is allowed to continue its prior futile efforts to diagnose / repair the defective engine and stumbles upon a solution satisfactory to Becker, that Continental be required to provide Becker engine / cylinder warranties for the remaining warranty period on such engine as of September, 2012, since, through no fault of Becker, the defective condition of the engine / cylinders have rendered it unusable and not airworthy for all periods of time from September, 2012 through the present.

## VI.

## ATTORNEY'S FEES

6.01    Pursuant to Chapters 37 and 38 of the Texas Civil Practice & Remedies Code, as well as the Deceptive Trade Practices Act (after the statutory notice period  has run), Becker seeks recovery of his reasonable and necessary attorney's fees and costs incurred in filing and prosecuting this suit from Continental.

## VII.

## CONDITIONS PRECEDENT

7.01    All conditions precedent to Becker's claims for relief has been performed or have occurred.

## VIII.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Ronald G. Becker prays that the Court enter judgment against Defendant Continental Motors, Inc. that:

1.    Ronald G. Becker recover his actual damages, costs, attorney's fees, pre-judgment and post-judgment interest at the maximum rate allowed by law and for such other and further relief, including the declaratory relief sought herein, at law or in equity, to which Ronald G. Becker may be justly entitled.

Respectfully submitted,

Christopher G. Lyster
State Bar No. 12746250
**SHANNON, GRACEY, RATLIFF**
  **& MILLER, L.L.P.**
777 Main Street, Suite 3800
Fort Worth, Texas 76102-5304
(817) 336-9333 - Telephone
(817) 336-3735 – Telecopier
clyster@shannongracey.com
**ATTORNEYS FOR PLAINTIFF**



# SHANNONGRACEY

SHANNON, GRACEY, RATLIFF & MILLER, LLP

Christopher G. Lyster

Direct Dial 817-877-8148
Email: clyster@shannongracey.com

May 30, 2013

*via **HAND-DELIVERED***
Sharena Gilliland
Parker County District Clerk
117 Fort Worth Highway
Weatherford, TX 76086

     Re:   *Ronald G. Becker v. Continental Motors, Inc.*

Dear Ms. Gilliland:

Enclosed please find an original and four copies of Plaintiff's Original Petition in connection with the above-referenced matter. Please file the original with the Court and return a file-marked copy to the undersigned via our courier delivering same.

We ask that the Court please prepare a citation to be served upon Defendant Continental Motors, Inc., and upon completion, please return to me in the enclosed postage paid envelope for service upon Defendant through the Secretary of State.

Also, enclosed is our firm check in the amount of $235 consisting of the $227 filing fee and $8 for the issuance of the citation.

Thank you for your kind courtesies and attention to this matter. Should you have any questions or need any additional information, please let me know.

Sincerely,

Christopher G. Lyster

CGL/bt
Enclosures

777 Main Street, Suite 3800   Fort Worth, Texas 76102  P (817) 336-9333  F (817) 336-3735  www.shannongracey.com

Arlington   Austin   Dallas   Fort Worth   Houston



THE STATE OF TEXAS

TO:   CONTINENTAL MOTORS, INC.
      Service of Process/Secretary Of State
      P.O. Box 12079
      Austin, Texas 78711-2070


You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition with the District Clerk, who is the Clerk for the 43rd District Court in and for Parker County on or before 10:00 a.m. on the Monday next following the expiration of twenty days from the date of service hereof, said Court being located on the 1st floor of the District Courts Building, 117 Fort Worth Hwy, Weatherford, Texas, 76086.

NOTICE: YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU.

The suit is numbered **CV13-0803** was filed in the **43rd District Court** on **May 30th, 2013** and styled

RONALD G. BECKER                               Plaintiff(s)

vs.

CONTINENTAL MOTORS, INC.                        Defendant(s)

and being the parties in the suit. The nature of the suit is shown in the copy of the attached petition.


NAME & ADDRESS OF PLAINTIFF ATTORNEY:        WITNESS:  SHARENA GILLILAND, District Clerk,
                                             Parker County, Texas. Issued and given under my hand and
CHRISTOPHER G LYSTER                         seal of said Court this the 30th day of May 2013.
777 MAIN ST. STE. 3800
FORT WORTH, TEXAS 76102
817.336.9333                                 By _____
                                                        Deputy
ADDRESS OF District Clerk:
District Courts Building
117 Fort Worth Hwy
Weatherford, Texas 76086

FILE COPY

RETURN OF SERVICE

Cause No. <u>CV13-0803</u>                                    <u>43rd District Court</u>

RONALD G. BECKER vs. CONTINENTAL MOTORS, INC.

Came to hand on the _____ day of_____, 20__ at _____ o'clock ___.M. and executed on the _____ day of _____, 20___, at __ o'clock ___.M. by delivering a true copy of this citation with a copy of the petition attached thereto to defendant _____ (name), in person, at_____(address) in _____ County, Texas.

[  ] Not executed. The diligence used in finding defendant being _____ _____

[  ] Information received as to the whereabouts of defendant being_____ _____


_____              _____
Sheriff/Constable/Clerk                        Printed Name of Authorized Person

_____              _____
County                                         Signature of Authorized Person

                    *** OR ***

_____              _____
Deputy                                         Certified Process Server ID No.

$_____              _____
Fees                                           Expiration Date

*The following to be completed by Authorized Person other than Sheriff, Constable or Clerk. TEX. R. CIV. P. 107(e).*

State of _____

County of _____

Before me _____, the undersigned notary public on this day personally appeared _____ whose name is subscribed in the above and foregoing Return of Service and stated and acknowledged to me the facts stated therein are true and correct.

Given under my hand and seal of office this ___ day of _____, 20___.


        (Seal)                            _____
                                           **Notary Public**

                    *** OR ***

"My name is _____, my date of birth is_____
               (First)        (Middle)        (Last)                              (Month) (Day) (Year)

and my address is_____
                    (Street)                  (City)       (State)      (Zip)         (Country)

I declare under penalty of perjury that the foregoing is true and correct." Executed in _____ County, State of _____, on _____.
                                   (Date)


                                           _____
                                           Declarnt





# SHANNONGRACEY

SHANNON, GRACEY, RATLIFF & MILLER, LLP

*RECEIVED AND FILED FOR RECORD*
*2013 JUN -4 PM 1:56*
*SHARENA GILLILAND, DISTRICT CLERK*
*PARKER COUNTY, TEXAS*
*BY JM DEPUTY*

Christopher G. Lyster

Direct Dial 817-877-8148
Email: clyster@shannongracey.com

June 3, 2013

Sharena Gilliland
Parker County District Clerk
117 Fort Worth Highway
Weatherford, TX 76086

      Re:    Cause No. CV-13-0803; *Ronald G. Becker v. Continental Motors, Inc.*, In the
            43rd Judicial District Court of Parker County, Texas

      **VACATION LETTER**

Dear Ms. Gilliland:

    This letter shall serve as notice of my designation of vacation days from **July 11, 2013 through July 19, 2013**. It is respectfully requested that no trial, hearings, depositions or other proceedings be set during this period of time.

    Please return a file-marked copy of this letter to our office by utilizing the enclosed return envelope.

    By copy of this correspondence, all parties are being notified of this vacation designation.

    Please do not hesitate to contact me if you should have any questions.

                         Sincerely,

                         Christopher G. Lyster

CGL/bt
Enclosures



## CAUSE NO. CV13-0803

| | | |
|---|---|---|
| RONALD G. BECKER | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | PARKER COUNTY, TEXAS |
| | § | |
| CONTINENTAL MOTORS, INC., | § | |
| | § | |
| Defendant. | § | 43RD JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

Continental Motors, Inc. ("Defendant") files its Original Answer and for same would respectfully show the Court as follows:

### I.
### GENERAL DENIAL

Defendant generally denies the allegations against it contained in Plaintiff's Original Petition and demands strict proof thereof in accordance with Rule 92 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.
### JURY DEMAND

Defendant demands a trial by jury and submits the applicable jury fee.

### III.
### LEVEL III DISCOVERY CONTROL PLAN

Defendant hereby requests that discovery be conducted under Rule 190.4 of the Texas Rules of Civil Procedure.

# IV.
## AFFIRMATIVE DEFENSES

### A.

Pleading in the alternative, Defendant asserts that the sole, contributing, proximate and/or producing cause of the incident in question and the Plaintiff's alleged damages, if any, were the acts, omissions, misuse and/or negligence of the Plaintiff and/or other third parties or entities for whom the Defendant has no responsibility, no control or legal right of control.

### B.

Pleading in the alternative, Defendant asserts that the incident in question and alleged damages, if any, resulting there from were solely or proximately caused by and occurred under circumstances and conditions over which the Defendant had no control, right of control and/or for which it had no responsibility.

### C.

Pleading in the alternative, Defendant denies that it violated any provision of the DTPA, but in the alternative, asserts that such violative conduct was not knowingly or intentionally done and therefore Plaintiff is not entitled to an award of treble damages.

### D.

Pleading in the alternative, Defendant asserts that it fully or substantially performed its contractual obligations to Plaintiff.

### E.

Pleading in the alternative, Defendant denies that it made any express warranties or representations to Plaintiff. In the alternative, Defendant asserts that it fully or substantially performed in accordance with any warranties or representations expressly made to Plaintiff.

**F.**

Pleading in the alternative, Defendant asserts that if and in the unlikely and unjust event that Plaintiff should succeed in establishing a claim for damages against Defendant for breach of contract, then Defendant asserts that Plaintiff's DTPA claims are not actionable because Plaintiff's suit is merely a breach of contract suit and not actionable under the DTPA.

**V.**
**REQUEST FOR DISCLOSURE**

Under Texas Rule of Civil Procedure 194, Defendant requests that Plaintiff disclose, within 30 days of the service of this request, the information or material described in Rule 194.2(a)-(l).

**VI.**
**PRAYER**

Defendant prays that the Court dismiss this suit or render judgment that Plaintiff take nothing, assess costs against Plaintiff, and award such other further relief, whether at law or in equity, to which Defendant may be justly entitled.

Respectfully submitted,

Jon W. Harrison
State Bar No. 24053256
Andrea M. Palmer
State Bar No. 24085929
Anderson, Riddle & Kuehler, L.L.P.
1604 8th Avenue
Fort Worth, Texas 76104
Tel: (817) 334-0059
Fax: (817) 334-0425

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

This is to certify that on the 21st day of June, 2013, a true and correct copy of the above was served upon all counsel of record as indicated below:

Christopher G. Lyster                          *(Via Certified Mail, RRR)*
Shannon, Gracey,
Ratliff & Miller, L.L.P.
777 Main Street, Suite 3800
Fort Worth, Texas 761102
Tel: 817-336-9333
Fax: 817-336-3735
clyster@shannongracey.com


_____
Andrea M. Palmer



## ANDERSON, RIDDLE & KUEHLER, L.L.P.
### ATTORNEYS AT LAW

| | | |
|---|---|---|
| Main Office: | 817-334-0059 [Telephone] | 3131 McKinney Avenue |
| 1604 8ᵀᴴ Avenue | 888-935-0059 [Toll Free] | Suite No. 656 |
| Fort Worth, Texas 76104 | 817-334-0425 [Facsimile] | Dallas, Texas 75204 |

*Direct all Written Correspondence to the Fort Worth Office*

Andrea Palmer                                            apalmer@artexas.com

June 21, 2013

**VIA CMRRR**
Ms. Sharena Gilliland
Parker County Clerk
117 Fort Worth Highway
Weatherford, TX 76086

RE:    **Cause No. CV13-0803;** *Ronald G. Becker v. Continental Motors, Inc.*; **In the 43ʳᵈ District Court of Parker County, Texas**

Dear Ms. Gilliland:

Enclosed is the original and one (1) copy of *Defendant's Original Answer and Request for Disclosure* in connection with the above-styled and numbered cause of action. Please file the original and return a file-marked copy to our office in the self-addressed, postage-paid envelope provided for that purpose.

I have also enclosed Check No. 20144 in the amount of $30.00 for the jury fee.

By copy of this letter, a true and correct copy of said instrument has been served upon all parties pursuant to the TEXAS RULES OF CIVIL PROCEDURE, as reflected therein.

Thank you for your professional courtesy in this matter.

Regards,

Gabby Ramirez
Assistant to Andrea M. Palmer

/gr
Enclosure

cc:

| | |
|---|---|
| Christopher G. Lyster | Certified Mail, Return Receipt Requested ☒ |
| Shannon, Gracey, | Regular, First-Class United States Mail ☐ |
| Ratliff & Miller, L.L.P. | Via Overnight Delivery ☐ |
| 777 Main Street, Suite 3800 | Via Hand Delivery ☐ |
| Fort Worth, Texas 761102 | Via Electronic Notice ☐ |
| Fax: 817-336-3735 | Via Facsimile Transmission ☐ |



## CAUSE NO. CV13-0803

| | | |
|---|---|---|
| RONALD G. BECKER | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | PARKER COUNTY, TEXAS |
| | § | |
| CONTINENTAL MOTORS, INC., | § | |
| | § | |
| Defendant. | § | 43RD JUDICIAL DISTRICT |

## DEFENDANT'S NOTICE OF FEDERAL COURT REMOVAL

Defendant, Continental Motors, Inc., files its Notice of Federal Court Removal. A copy of the documents filed with the Federal Court is attached hereto as Exhibit "A".

Respectfully submitted,

_____
Geffrey W. Anderson
State Bar No. 00786980
ganderson@asrtexas.com
Jon W. Harrison
State Bar No. 24053256
jharrison@asrtexas.com
Anderson, Smyer, Riddle & Kuehler L.L.P.
1604 8th Avenue
Fort Worth, Texas 76107
Tel: (817) 334-0059
Fax: (817) 334-0425

ATTORNEY FOR DEFENDANT
CONTINENTAL MOTORS, INC.

## CERTIFICATE OF SERVICE

This is to certify that on the 27th day of June, 2013, a true and correct copy of the above was served upon all counsel of record as indicated below:

Christopher G. Lyster                                    *(Via Certified Mail, RRR)*
Shannon, Gracey,
Ratliff & Miller, L.L.P.
777 Main Street, Suite 3800
Fort Worth, Texas 761102
Tel: 817-336-9333
Fax: 817-336-3735
clyster@shannongracey.com

_____
Jonathan W. Harrison

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| RONALD G. BECKER | CONTINENTAL MOTORS, INC. |

4-13CV-520-Y

| **(b)** County of Residence of First Listed Plaintiff    Parker County<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant    Mobile County, Alabama<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
|---|---|
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*<br>Christopher G. Lyster, Shannon, Gracey, Ratliff & Miller, L.L.P.<br>777 Main Street, Suite 3800, Fort Worth, Texas 76102<br>Tel: 817-336-9333 Fax: 817-336-3735 | Attorneys *(If Known)*<br>Jon W. Harrison and Geffrey W. Anderson, Anderson, Riddle &<br>Kuehler, L.L.P.1604 8th Avenue Fort Worth, Texas 76104 Tel: (817)<br>334-0059 Fax: (817) 334-0425 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>  & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>  Student Loans<br>  (Excl. Veterans)<br>☐ 153 Recovery of Overpayment<br>  of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☒ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>  Liability<br>☐ 320 Assault, Libel &<br>  Slander<br>☐ 330 Federal Employers'<br>  Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>  Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>  Product Liability<br>☐ 360 Other Personal<br>  Injury<br>☐ 362 Personal Injury -<br>  Med. Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>  Product Liability<br>☐ 367 Health Care/<br>  Pharmaceutical<br>  Personal Injury<br>  Product Liability<br>☐ 368 Asbestos Personal<br>  Injury Product<br>  Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>  Property Damage<br>☐ 385 Property Damage<br>  Product Liability | ☐ 625 Drug Related Seizure<br>  of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>  28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>  Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>  Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>  Act<br>☐ 896 Arbitration |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>  Accommodations<br>☐ 445 Amer. w/Disabilities -<br>  Employment<br>☐ 446 Amer. w/Disabilities -<br>  Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate<br>  Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>  Conditions of<br>  Confinement | **LABOR**<br>☐ 710 Fair Labor Standards<br>  Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>  Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc.<br>  Security Act<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 463 Habeas Corpus -<br>  Alien Detainee<br>  (Prisoner Petition)<br>☐ 465 Other Immigration<br>  Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>  or Defendant)<br>☐ 871 IRS—Third Party<br>  26 USC 7609 | ☐ 899 Administrative Procedure<br>  Act/Review or Appeal of<br>  Agency Decision<br>☐ 950 Constitutionality of<br>  State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. sections 1332, 1441 and 1446

Brief description of cause:
This is a DTPA, breach of contract and breach of warranty action for an allegedly defective aircraft engine.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 500,000.00    CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) PENDING OR CLOSED:

*(See instructions):* JUDGE Judge Craig Towson, Parker County    DOCKET NUMBER CAUSE NO. CV13-0803

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 06/26/2013 | Jon W. Harrison |

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**United States District Court**
**Northern District of Texas**

## Supplemental Civil Cover Sheet For Cases Removed
## From State Court

**This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk's Office. Additional sheets may be used as necessary.**

1. **State Court Information:**

   Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

   | <u>Court</u> | <u>Case Number</u> |
   |---|---|
   | 43rd District Court, Parker County, Texas | CAUSE NO. CV13-0803 |

2. **Style of the Case:**

   Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code.)

   | <u>Party and Party Type</u> | <u>Attorney(s)</u> |
   |---|---|
   | Ronald G. Becker - Plaintiff | Christopher G. Lyster<br>State Bar No. 12746250<br>Shannon, Gracey, Ratliff & Miller, L.L.P.<br>777 Main Street, Suite 3800<br>Fort Worth, Texas 76102<br>Tel: 817-336-9333<br>Fax: 817-336-3735<br>clyster@shannongracey.com |
   | Continental Motors, Inc. - Defendant | Jon W. Harrison<br>State Bar No. 24053256<br>Geffrey W. Anderson<br>State Bar No. 00786980<br>Anderson, Riddle & Kuehler, L.L.P.<br>1604 8th Avenue Fort Worth, Texas 76104<br>Tel: (817) 334-0059<br>Fax: (817) 334-0425<br>jharrison@asrtexas.com<br>ganderson@asrtexas.com |

3.    **Jury Demand:**

Was a Jury Demand made in State Court?                    **Yes**

If "*Yes*," by which party and on what date?

Defendant Continental Motors, Inc.              June 24th, 2013
Party                                                                   Date

4.    **Answer:**

Was an Answer made in State Court?              **Yes**

If "*Yes*," by which party and on what date?

Defendant Continental Motors, Inc.              June 24th, 2013
Party                                                                   Date

5.    **Unserved Parties:**

The following parties have not been served at the time this case was removed:

**Party**                                          **Reason(s) for No Service**

None

6.    **Nonsuited, Dismissed or Terminated Parties:**

Please indicate any changes from the style on the State Court papers and the reason for that change:

**Party**                                    **Reason**

None

7.    **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

**Party**                                    **Claim(s)**

Ronald G. Becker                             Breach of Contract
                                             Breach of Express Warranty
                                             Violations of DTPA
                                             Request for Declaratory Relief

All of Plaintiff's claims arise out of an allegedly defective aircraft engine.